**IN THE UNITED STATES DISTRICT COURT  FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| **RONALD M. SMITH** | * |
| **126 Chesapeake Street, S.W.** | |
| **Washington, D.C. 20032** | * |
| | |
| **Plaintiff,** | * |
| | **Case No.** |
| **vs.** | * |
| | |
| **THE UNITED STATES OF AMERICA,** | * |
| | |
| **SERVE:    Ronald C. Machen, Jr.** | * |
| **U.S. Attorney for the** | |
| **District of Columbia** | * |
| **Judiciary Center Bldg.** | |
| **555 Fourth Street, N.W.** | * |
| **Washington, D.C. 20530** | |
| | * |
| **and** | |
| | * |
| **Eric H. Holder, Jr.** | |
| **Attorney General of the U. S. A.** | * |
| **U.S. Department of Justice** | |
| **950 Pennsylvania Avenue, N.W.** | * |
| **Washington, D.C. 20530** | |
| | * |
| **and** | |
| | * |
| **OFFICER COREY ROGERS, BADGE NO. 6138** | |
| **UNITED STATES CAPITOL POLICE** | * |
| **119 D Street, NE** | |
| **Washington, D.C. 20510** | * |
| **(In his Individual Capacity)** | |
| | * |
| **and** | |
| | * |
| **OFFICER LAWRENCE ANYASO, BADGE NO. 5440** | |
| **UNITED STATES CAPITOL POLICE** | * |
| **119 D Street, NE** | |
| **Washington, D.C. 20510** | * |
| **(In his Individual Capacity)** | |
| | * |
| **Defendants.** | |

## COMPLAINT
### (False Arrest/False Imprisonment; Intentional Infliction of Emotional Distress; Malicious Prosecution;Unlawful Seizure-4th Amendment)

### JURISDICTION

1. Jurisdiction exists in this case exists pursuant to 28 U.S.C. § 1346(b)(1) and 42 U.S.C. § 1983.

### THE PARTIES

2. At all times relevant hereto, the plaintiff was a resident of the District of Columbia.

3. Defendant United States of America is the proper party with respect to plaintiff's Federal Tort Claims Act claims pursuant to 28 U.S.C. § 2679.

4. Defendant Rogers is a law enforcement officer employed by the United States Capitol Police and is being sued in his individual capacity for violating the plaintiff's constitutional rights.

5. Defendant Anyaso is a law enforcement officer employed by the United States Capitol Police and is being sued in his individual capacity for violating the plaintiff's constitutional rights.

### STATEMENT OF R RELEVANT FACTS

6. On November 5, 2009, the plaintiff was working as a driver for a federal government agency.

7. During the course of performing his duties and responsibilities, the plaintiff was operating a vehicle in the area of Delaware and Constitution Avenues NE, in the District of Columbia.  As the plaintiff dropped off his passengers, he was approached by defendant Rogers who began to chastise and yell at him for dropping off his passengers at that location.

8. After engaging in a conversation with defendant Rogers for a minute or so, the plaintiff

pulled off and left the area.  However, defendant Rogers radioed his colleagues and falsely reported that the plaintiff had assaulted him with his vehicle and that he had in fact struck his left leg.

9.  As a result of the blatant falsehood that defendant Rogers broadcast over the radio, the plaintiff was stopped at Louisiana and Constitution Avenues NW.  While there, defendant Rogers arrived at that location and once again falsely represented that it was in fact the plaintiff who had assaulted him with his vehicle.  As a result of the lies told by defendant Rogers, the plaintiff was arrested and charged with assault with a deadly weapon and assault on a Police Officer.

10.  The plaintiff was arrested by defendant Anyaso who wrote a report wherein he advised that he viewed CCTV footage of the encounter between the plaintiff and defendant Rogers "that was consistent with" what defendant Rogers had reported had occurred.  At the time that defendant Anyaso wrote that there was CCTV footage consistent with what defendant Rogers had reported, he knew such information to be false.  In fact, he knew at that time that defendant Rogers had lied about what had occurred and yet, he still subjected the plaintiff to further detention and filled out paperwork initiating the prosecution of the plaintiff on charges that he knew were entirely without basis.

11.  In fact, the CCTV footage that recorded the encounter between the plaintiff and defendant Rogers clearly and unequivocally shows that at no time did plaintiff attempt to hit defendant Rogers with a vehicle and clearly and unequivocally shows that the plaintiff did not come close to striking the left leg of defendant Rogers with his vehicle as alleged.

12.  Despite the fact that the CCTV footage shows that he was not struck by the vehicle being driven by the plaintiff, defendant Rogers, in an attempt to bolster his lie about the plaintiffs' actions, reported to his Sgt. that his leg, which had allegedly been struck by the vehicle driven by the

plaintiff, was hurting and he had himself transported to the hospital for treatment of his contrived injury.

13.   Because of the false representations of defendants Rogers and Anyaso, the plaintiff was held in jail overnight, forced to defend himself against bogus charges in a criminal case that placed his liberty at stake.   After this matter was set for hearing and/or trial for November 30, 2009, December 14, 2009, January 5, 2010, February 16, 2010, February 24, 2010, March 3, 2010 and April 22, 2010, the government moved to dismiss the case.   The criminal prosecution of the plaintiff was dismissed with prejudice on April 22, 2010, a little over five(5) months after it was begun.

14.   Notice of the plaintiff's claim was provided to the United States on November 4, 2011with the filing of a Standard Form 95 with the United States Capitol Police.   Plaintiff's claim was denied by letter dated April 16, 2012.

## Count I
### (False Arrest/False Imprisonment)

15.   Plaintiff incorporates by reference paragraphs 1 through 14, as if fully set forth herein.

16.   The defendant officers wrongfully and unlawfully arrested and detained the plaintiff on the bogus charges of assault on a police officer and assault with a deadly weapon even though they knew that no basis nor probable cause for plaintiff's arrest existed.

17.   As a direct proximate result of the false arrest of the plaintiff, he suffered discomfort, distress and loss of liberty, loss of employment  and has suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being falsely arrested, and taken into custody in front while working in his job as a driver for a federal government agency.

 .

WHEREFORE, the plaintiff demands judgment against the United States in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages plus interest and costs.

## COUNT II
### (Intentional Infliction of Emotional Distress)

18.  Plaintiff incorporates, by reference, paragraphs 1 through 14 as if fully set forth herein.

19.   Plaintiff further alleges that the defendant officers, with deliberate indifference and reckless disregard for the rights of the plaintiff and with pure malice, did falsify police reports  in order to justify the illegal arrest of the plaintiff.  In addition, the defendant officers continued to detain the plaintiff even after video footage clearly showed that the alleged wrongful conduct never occurred.

20.  As a direct and proximate result of the actions of the defendant officers, plaintiff suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested, taken into custody, manhandled, assaulted and otherwise grossly mistreated without any basis therefor at all.

WHEREFORE, the plaintiff demands judgment against the United States in the full and just amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), in compensatory damages plus interest and costs.

## COUNT III
### (Malicious Prosecution)

21.  Plaintiff incorporates, by reference, paragraphs 1 through 14 as if  fully set forth herein.

22. Defendants Rogers and Anyaso having wrongfully and unlawfully arrested and detained

the plaintiff and/or caused his arrest and detention, further caused the malicious prosecution of the plaintiff for criminal charges which they knew had no basis in fact or law.

23.   Hearings and/or trial was scheduled for the plaintiff's criminal charges on November 30, 2009, December 14, 2009, January 5, 2010, February 16, 2010, February 24, 2010, March 3, 2010 and April 22, 2010, until the government finally moved to dismiss the case, obviously because the CCTV footage did not support the charges.  Consequently, the criminal prosecution of the plaintiff was dismissed with prejudice on April 22, 2010, a little over five(5) months after it was begun.

24. As a direct and proximate result of the malicious prosecution of the plaintiff, he suffered discomfort, distress and loss of liberty and has suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested, taken into custody and grossly mistreated.

Wherefore, plaintiff demands judgment against the United States in the full and fair amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00) in compensatory damages plus interest and costs.

## COUNT IV
### (Deprivation of Civil Rights, 4th Amendment)

25.   Plaintiff incorporates, by reference, paragraphs 1 through 14 as is fully set forth herein.

26.   Plaintiff further alleges that defendants Rogers and Anytaso, with deliberate indifference to and in reckless disregard for the safety and well-being of the plaintiff and in violation of the 4th Amendment to the Constitution, did on November 5, 2009, commit acts which deprived plaintiff of his constitutional right to be free from an unreasonable seizure in the form of an unlawful arrest,

detention, and malicious prosecution.

27.  In addition, the defendant officers, with callous and deliberate indifference to and in reckless disregard for the safety and well-being of the plaintiff and in violation of the 4th Amendment to the constitution, falsified police reports in an attempt to cover-up their unconstitutional conduct.

28.  As a direct and proximate result of the actions of the defendant officers, plaintiff was unconscionably mistreated by renegade police officers, acting outside the parameters of law and decency.

Wherefore, plaintiff demands judgment against defendants Rogers and Anyaso, jointly and severally in the full and fair amount of Five Million Dollars ($5,000,000.00) in compensatory and punitive damages, plus interest and costs.

### JURY DEMAND

The plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

   /s/ Gregory L. Lattimer
Gregory L. Lattimer [371926]
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 638-0095

Counsel for the Plaintiff